

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO JACOB, on behalf of himself and all others similarly situated and aggrieved,<br><br>Plaintiff,<br><br>v.<br><br>CSL PLASMA INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 24-cv-01807-H-DEB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br><br>[Doc. No. 8.] |

On August 16, 2024, Plaintiff Arturo Jacob ("Plaintiff") filed a class action complaint in the Superior Court of California, County of San Diego against Defendant CSL Plasma Inc. ("Defendant"). (Doc. No. 1-2, Compl.) On October 15, 2024, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim. (Doc. No. 8.) On November 4, 2024, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 11.) On December 9, 2024, Defendant filed a reply in support of its motion to dismiss. (Doc. No. 17.) On December 9, 2024, the Court took the matter under

submission. (Doc. No. 18.) For the reasons below, the Court grants Defendant's motion to dismiss and dismisses Plaintiff's complaint without leave to amend.

## Background

The following background is taken from the allegations in Plaintiff's state court complaint. Defendant is a Delaware corporation with its principal place of business located in Florida. (Compl. ¶ 14.) Defendant collects human plasma and operates collection centers throughout the United States, including in California. (Id.) Plaintiff is a resident of California and a non-exempt employee of Defendant. (Id. ¶ 13.)

Defendant has uniformly implemented vacation, paid time off, and paid sick leave policies ("PTO policies") applicable to its employees, including Plaintiff. (Compl. ¶¶ 18–19.) Defendant's policies cause Defendant to deduct from its employees' vacation time when they call out of work sick, instead of deducting from its employees' paid sick leave. (Id. ¶¶ 20, 22.) As a result, Plaintiff alleges, Defendant has improperly deducted vested vacation wages and has issued inaccurate pay statements. (Id. ¶¶ 20–21.)

On August 16, 2024, Plaintiff filed a putative class action in the Superior Court of California, County of San Diego against Defendant, alleging causes of action for: (1) withholding wages in violation of California Labor Code §§ 221–224; (2) withholding vested vacation wages in violation of California Labor Code § 227.3; (3) failure to timely pay wages in violation of California Labor Code §§ 201–203; (4) failure to provide accurate itemized wage statements in violation of California Labor Code § 226; (5) violation of California's Unfair Competition Law ("UCL"), California Businesses and Professions Code §§ 17200, *et seq.*; and (6) violations of California's Private Attorneys General Act, California Labor Code § 2699. (Compl. ¶¶ 38–103.) Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the action in its entirety for failure to state a claim.

## Discussion

### I.     Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to give the defendant fair notice of the claim and its grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." Los Angeles Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010). Courts may deny leave to amend where the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Telesaurus, 623 F.3d at 1003 (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).

///

///

## II.  Analysis

The thrust of Plaintiff's complaint is that Defendant, pursuant to its PTO policies, improperly deducted its employees' vacation benefits when they called out sick, instead of deducting from their statutorily mandated paid sick leave.  (See Compl. ¶¶ 20, 44; Doc. No. 11 at 11.)  Plaintiff asserts that Defendant's PTO policies, in effect, force a forfeiture of employees' vested vacation.  Id.  Defendant argues that all of Plaintiff's claims should be dismissed because, under California law, employers are permitted to deduct from an employee's vacation time when employees are absent due to illness.  (See Doc. No. 8 at 11.)  Defendant is correct.

California does not require employers to provide their employees with paid vacation.  Owen v. Macy's Inc., 96 Cal. Rptr. 3d 70, 74–75 (Cal. Ct. App. 2009).  If an employer does choose to provide its employees with paid vacation, however, vested vacation benefits must be paid to an employee as wages upon termination of their employment.  Cal. Lab. Code § 227.3; Suastez v. Plastic Dress-Up. Co., 647 P.2d 122, 128 (Cal. 1982). Vacation benefits vest "in accordance with [the] contract of employment or employer policy respecting eligibility or time served."  Cal. Lab. Code § 227.3.  Once vested, vacation benefits cannot be forfeited upon termination of employment.  Id.  "Use it or lose it" vacation policies constitute a forfeiture and, thus, are not permissible.  Boothby v. Atlas Mech., 8 Cal. Rptr. 2d 600, 6 Cal. App. 4th 1595, 1599 (Cal. Ct. App. 1992).

California law "affords an employer the right to control the terms under which vacation time may be exercised by employees."  Rhea v. General Atomics, 174 Cal. Rptr. 3d 862, 871 (Cal. Ct. App. 2014).  Therefore, policies requiring that vested vacation benefits be used to cover absences, including absences taken due to sickness, do not "impose[] a forfeiture" and are permissible.  Id. (quoting Conley v. Pacific Gas & Elec. Co., 31 Cal. Rptr. 3d 719, 726 (Cal. Ct. App. 2005)).

By statute, California requires employers to provide their employees with paid sick days.  Cal. Lab. Code § 246.  In contrast to vested vacation benefits, employers are not required to provide wages upon termination for any accrued paid sick days.  Id. § 246(g)(1).

If an employer already provides vacation benefits or paid time off in accordance with a "paid leave policy or paid time off policy," however, the employer "is not required to provide additional paid sick days" to comply with the statute. Id. § 246(f).

Here, Plaintiff alleges that Defendant has violated California Labor Code § 227.3 by deducting from his vested vacation benefits to cover days he has been absent due to illness pursuant to its PTO policies. (Compl. ¶¶ 19, 44.) Plaintiff asserts that Defendant's PTO policies result in an impermissible forfeiture of vested vacation benefits because he is entitled to statutory paid sick days under California Labor Code § 246 in addition to the vacation benefits that Defendant affords under its PTO policies. (Compl. ¶ 44; Doc. No. 11 at 12.) Plaintiff's legal theory is not cognizable under California law because employers have the right "to control the terms under which vacation time may be exercised by employees." Rhea, 174 Cal. Rptr. 3d at 871. And, contrary to Plaintiff's assertion, the California Labor Code expressly states that additional paid sick days need not be provided if the employer has an existing PTO policy that satisfies certain conditions in the statute. Cal. Lab. Code § 246(f).

In other words, taking all facts as pled in Plaintiff's complaint as true, Defendant acted permissibly when it promulgated PTO policies requiring that vacation days be used to cover absences due to sickness. Finally, because all of Plaintiff's remaining claims are predicated on his section 227.3 claim or the theory underlying it, the Court dismisses all of Plaintiff's claims. (See Compl. ¶¶ 40, 51, 58, 65, 75, 80, 93, 100); see also Reyes v. Costco Wholesale Corp., 2024 WL 3105624, at *8–9 (E.D. Cal. June 24, 2024) (dismissing UCL, inaccurate wage statement, and waiting time penalty claims where plaintiff failed to state a claim for any predicate violation of the law); Arias v. Sup. Ct., 209 P.3d 923, 933–34 (Cal. 2009) ("[PAGA] authorizes a representative action only for the purpose of seeking statutory penalties for Labor Code violations."). Because the Court dismisses the entirety of Plaintiff's complaint for lack of a cognizable legal theory, the Court will not reach the merits of other arguments raised in the parties' briefing.

Having dismissed the entirety of Plaintiff's complaint, the Court must now consider whether Plaintiff should be granted leave to amend. "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011) (quoting Reddy v. Litton Indus., Inc., 912 F.2d 291, 296–97 (9th Cir. 1990)). Under this standard, leave to amend should not be granted. Plaintiff's complaint fails to assert a cognizable legal theory when all facts pled are taken as true. Because Plaintiff cannot overcome this deficiency without contradicting his original allegations, leave to amend should be denied here. See Garmon v. Cnty. of Los Angeles, 828 F.3d 837, 846 (9th Cir. 2016) ("A district court does not abuse its discretion in denying leave to amend where it would have been impossible for the plaintiff to amend the complaint to state a viable claim 'without contradicting any of the allegations of his original complaint.'" (quoting Reddy, 912 F.2d at 296–97)). Accordingly, the Court dismisses Plaintiff's complaint in its entirety with prejudice and without leave to amend.

## Conclusion

For the reasons above, the Court grants Defendant's motion to dismiss. Accordingly, the Court dismisses Plaintiff's complaint with prejudice and without leave to amend. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: December 16, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT